IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT LEHMAN**                                                             **PLAINTIFF**

**V.**                                                **CAUSE NO. 1:13CV202-LG-JMR**

**BYRD & WISER, AND**
**NICHOLAS VAN WISER**                                         **DEFENDANTS**

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [9] Motion for Summary Judgment filed by Defendants Byrd & Wiser and Nicholas Van Wiser ("Wiser"), seeking dismissal of this legal malpractice action on the grounds that it is barred by the statute of limitations. Plaintiff Robert Lehman opposes the Motion, and claims that his lawsuit is not time-barred. Having reviewed the pleadings and the relevant law, it is the opinion of the Court that Lehman's Complaint was filed outside of the applicable three-year statute of limitations period. Accordingly, the Motion for Summary Judgment is granted.

### BACKGROUND

In the year 1999, Plaintiff Lehman, a Louisiana resident, retained Defendant Nicholas Van Wiser, a Mississippi attorney, for legal services. According to the record, Lehman is also an attorney, but is not licensed to practice in Mississippi.[1]

Lehman hired Wiser to seek legal remedies in a contract dispute related to a construction project in Bay St. Louis, Mississippi. In July 1999, Wiser filed a

---

[1] Plaintiff Lehman's correspondence in the record is on letterhead that states "Robert C. Lehman, A Professional Law Corporation." (*See, e.g.*, ECF Nos. 11-1, 11-3, 11-5).

complaint in the Chancery Court of Hancock County, Mississippi on behalf of three plaintiffs: Lehman, a corporate entity created by Lehman, and another individual. The specific facts underlying the Chancery Court lawsuit are not relevant here, but in summary, Lehman and the plaintiffs alleged, *inter alia*, that the defendants caused them financial damage by misappropriating and converting corporate assets by fraud, and that they illegally terminated a contract. (Chancery Ct. Record, Def. Ex. B 65-76, ECF No. 9-2).

The record in this case demonstrates that, in the months that followed the filing of the complaint in Chancery Court, Lehman repeatedly stressed to Wiser that the plaintiffs were in urgent need of certain remedies, and that time was of the essence. (*See, e.g.*, Lehman Memo, Def. Ex. E, ECF No. 9-5 (noting need for "immediate and forceful" legal measures, asking Wiser to call at "earliest opportunity"); Lehman Note, Def. Ex. F, ECF No. 9-6) (expressing frustration over Wiser's failure to file a notice of claim, stressing the need for immediate legal action, requesting a meeting)).

Apparently, by March of 2000, Lehman was frustrated with Wiser's handling of the matter and the progress of the litigation. On March 1, 2000, Lehman sent a letter to Wiser in which he expressed concerns about the status of the case, as well as what Lehman perceived as Wiser's lack of communication and failure to aggressively prosecute the plaintiffs' claims. (Def. Ex. A, ECF No. 9-1). Lehman stated that he had attempted to contact Wiser "repeatedly by telephone," and that "again" his calls were unreturned. (*Id.*) Lehman complained that the "situation of

no progress or communication" with Wiser seemed "to have deteriorated rather than improved." (*Id.*) Lehman went on to remind Wiser that, when they had first met the previous year, Lehman had explained "the acute need for an expedited hearing," and that the "crucial need to act quickly was stressed over and over." (*Id.*) Lehman also referenced the fact that Wiser had advised the plaintiffs to file their lawsuit in state court, where a trial could be held in "five to seven months," whereas Wiser had indicated that it would take a year to reach a trial date in federal court. (*Id.*) Lehman concluded: "Although a great deal of time has passed, we are unaware of any aggressive action which has been taken to protect our interests. As far as we know, there has never been any hearing before a judge . . . . Please advise." (*Id.*)

The record does not contain any response from Wiser specifically addressing the concerns stated in Lehman's March 1, 2000 letter. On March 2, 2000, Wiser sent Lehman correspondence enclosing discovery responses from defendants. (Def. Ex. I, ECF No. 9-9). On March 13, 2000, Wiser sent Lehman a letter notifying him of a hearing on a Motion to Compel Discovery Responses scheduled for later that month. (Def. Ex. J, ECF No. 9-10). On April 4, 2000, Wiser sent Lehman more routine correspondence enclosing discovery responses from a defendant. (Def. Ex. K, ECF No. 9-11).

Inexplicably, following the April 4, 2000 letter from Wiser, the record is completely silent for a period of some ten years. Then, on March 29, 2010, Lehman sent a letter to Wiser seeking a trial setting in the Chancery Court action, stating "[w]e have not received any communications from you in quite a long time . . . . We

3

would like to move this matter to a conclusion." (Def. Ex. L, ECF No. 9-12). There is no evidence of any correspondence between Lehman and Wiser during the period between early April 2000 and late March 2010. The parties' pleadings do not indicate that Lehman and Wiser communicated at all during that ten-year period. Additionally, it appears that after April 2000, no action was taken in Chancery Court by any party to that lawsuit. That record also falls silent in April 2000; it does not contain any entries after a Notice of Service of Discovery filed by defendants on April 5, 2000. (Chancery Ct. Record, Def. Ex. B. 2-3, ECF No. 9-2).

On April 28, 2010, having received no response to his March 29, 2010 letter, Lehman sent the same correspondence to Wiser again. (Def. Ex. M, ECF No. 9-13). On July 1, 2010, Lehman filed a complaint against Wiser with the Mississippi Bar, alleging that Wiser refused to communicate with his clients, neglected their case, and failed to protect his clients' rights. (Def. Ex. N, ECF No. 9-14). The Mississippi Bar dismissed the complaint against Wiser in October 2010. (Def. Ex. Q, ECF No. 9-17).

Lehman filed his Complaint in this action on April 26, 2013. He asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332, and there is no dispute that Mississippi law applies to his claims.

## THE LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-24 (1986); see also Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## DISCUSSION

Lehman's Complaint alleges that the defendants (referred to herein simply as "Wiser") breached their contract for legal services by failing to competently represent him, and by breaching their fiduciary duties of loyalty and trust. (Compl. 4-6 (¶¶16-34), ECF No. 1). Wiser seeks dismissal of Lehman's Complaint on the grounds that it is barred by the three (3)-year statute of limitations that governs legal malpractice actions in Mississippi. (Def. Mot., ECF No. 9). Lehman does not dispute that the applicable statute of limitations period is three (3) years, but he argues that there is a genuine issue of material fact as to when the statute of limitations began running.

Actions for legal malpractice are subject to the general statute of limitations period in Title 15 of the Mississippi Code, which provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three

(3) years next after the cause of such action accrued." Miss. Code Ann. § 15-1-49. The Mississippi Supreme Court has established that "the statute of limitations in a legal malpractice action properly begins to run on the date the client learns[,] or through the exercise of reasonable diligence should learn[,] of the negligence of his lawyer." *Smith v. Sneed*, 638 So. 2d 1252, 1253 (Miss. 1994). Mississippi courts have reaffirmed their adherence to this "discovery rule" several times. *See Channel v. Loyacono*, 954 So. 2d 415, 421 (Miss. 2007); *Champluvier v. Beck*, 909 So. 2d 1061 (2004); *Evans v. Howell*, 121 So. 3d 919, 923 (¶19) (Miss. Ct. App. 2013).

Here, Lehman expressed concerns about his attorney's lack of communication and lack of diligence in litigating his claims at least as early as March 2000, and possibly before that, given the content of Lehman's March 1, 2000 letter. Lehman received a routine communication from his attorney in early April 2000 regarding discovery. Then, according to the record (including the parties' representations in their briefs), for the next ten years Lehman heard nothing about the status of his lawsuit, in which he was the plaintiff, and which he had repeatedly stressed was a matter of urgency to his attorney. Lehman has not offered any explanation as to why he waited until March 29, 2010, to contact Wiser again.

Defendants argue that Lehman's cause of action accrued on March 1, 2000, when Lehman sent the letter expressing his concerns about Wiser's lack of communication. In response, Lehman argues that the March and April 2000 correspondence he received from Wiser ameliorated his concerns, and therefore, there is a genuine dispute of fact as to when he learned of his attorney's allegedly

6

negligent conduct. Lehman claims that he did not learn that Wiser "had essentially abandoned the case" until after he filed the bar complaint against Wiser in July 2010. (Pl. Mem. 10, ECF No. 12). Lehman asserts that "there is no undisputed evidence that [he] knew or should have known about [Wiser's] alleged negligence prior to the time he alleged to have known about it in his Complaint." (*Id.*) However, Lehman does not offer any affidavit, or other statement, about when he knew of or suspected his attorney's alleged negligence. Instead, he simply asserts in his briefing that there is a dispute of fact about when the statute of limitations began running.[2]

Given that Lehman was *already* concerned about his attorney's failure to take aggressive action to pursue his claims in March 2000, the Court must conclude that at some point during the next ten years, in which he heard nothing about his lawsuit, Lehman should have learned that Wiser was no longer pursuing the action in Chancery Court on his behalf. Even if Lehman had waited a year, or two years, after the April 2000 correspondence to inquire further, he would have discovered his attorney's alleged negligence by 2002, and the statute of limitations still would have run in 2005, some eight years before he filed this action. In light of Lehman's apparent need for urgent legal action in 1999 and 2000, the Court cannot find that

---

[2] Lehman also attempts to argue that the statute of limitations should be tolled until he had actual knowledge of the alleged negligence, but does not cite any legal negligence case law in support of this argument. The Mississippi Supreme Court has been clear that the "discovery rule" applies to legal negligence claims, and, as set forth herein, the Court finds that Lehman should have known of his attorney's alleged negligence well before 2010, which makes his lawsuit untimely.

Lehman, if he had used reasonable diligence, would not have discovered his attorney's alleged negligence for a decade, until after he filed a Bar complaint against him.

This is particularly so because Lehman is an attorney, and the "discovery rule" is intended to protect laypersons. The Mississippi Supreme Court has explained that the "discovery rule applies when it would be impractical to require a *layperson* to have discovered the malpractice at the time it happened." *Bennett v. Hill-Boren, P.C.*, 52 So. 3d 364, 369 (15) (Miss. 2011) (quoting *Sneed*, 638 So. 2d at 1257-58) (emphasis added). That is because "requiring a layperson to ascertain legal malpractice at the time it occurs would necessitate the retention of a second attorney to review the work of the first." *Id.* (citation omitted).

In Lehman's case, however, he is not a layperson; he is an attorney, and would know as well as any attorney that a *complete* absence of any communication regarding discovery or motions practice for years could be an indicator that litigation is not progressing as it should.[3] Under such circumstances, at a minimum, an attorney would know he should inquire as to the status of his case, and if his counsel failed to respond, he would know that he could contact the court directly, and seek to review the pleadings.

At least initially, Lehman was actively engaged in preparing to file the

---

[3] Moreover, Lehman was the plaintiff in the Chancery Court action, and was seeking a remedy; he did not need to be an attorney to understand that he had a particular interest in ensuring that the case proceeded to some resolution.

8

Chancery Court lawsuit and intent on advancing the litigation. The record contains a June 30, 1999 letter from Lehman to Wiser, to which Lehman attached a draft complaint, and stated that he wanted to discuss "appropriate defendants" and "strategy." (Def. Ex. C, ECF No. 9-3). Lehman also announced that he had "requested a court order to have the contract revenues placed in the registry of the court."[4] (*Id.*) In October 1999, Lehman sent a memorandum to Wiser regarding discovery compliance, and edited a draft of a motion. (Def. Ex. E, ECF No. 9-5; Def. Ex. H, ECF No. 9-8). Lehman wrote to Wiser in November 1999 regarding the need to file a notice of claim, and to compel discovery. (Def. Ex. F, ECF No. 9-6).

Thus, Lehman was very aware of the progress of his lawsuit in Chancery Court through at least November 1999, and, according to the correspondence in the record, he was still urging his attorney to pursue his claims in March 2000. However, there is no evidence that Lehman used reasonable diligence to inquire into his attorney's potential negligence during the period from April 2000 to March 2010.

The Chancery Court record does not offer any explanation for what happened during the period following April 2000, but it does not appear that Lehman and the other plaintiffs, or their counsel, pursued the litigation. As an attorney who had been pushing his retained counsel to take certain legal actions, Lehman was

---

[4] He further stated: "In Louisiana we proceed with a rule for the defendant to show cause why the order should not be granted. I have not bothered to research the Mississippi procedure on this issue since I expect you can put me on the right civil procedure track there." (Def. Ex. C, ECF No. 9-3).

certainly capable of learning that no action was taken in Chancery Court during the years that followed April 2000. Lehman asserts in briefing that he "had no understanding of Mississippi practice and procedure," and that even if he had a duty to review the Chancery Court records, "there is nothing in the . . . Chancery Court file that would have suggested . . . that Defendant Wiser believed that [Lehman] had decided not to pursue the . . . case." (Pl. Mem. 8, ECF No. 12). Had Lehman reviewed the Chancery Court file, he would have seen that no action was taken in that lawsuit after April 5, 2000. Lehman's lack of expertise in Mississippi civil procedure would not have prevented him from realizing that Wiser was not prosecuting his claims. Thus, Lehman's assertion that he could not have known that Wiser was not pursuing the Chancery Court litigation until after Lehman filed a Bar complaint in 2010 is not supported by the record.

Lehman's lack of any inquiry to his counsel for nearly a decade, and his decision to file this lawsuit in April 2013, some thirteen years after the last correspondence from his attorney, cannot possibly comply with the discovery rule and the three (3)-year statute of limitations under Mississippi law. The Court finds that Lehman should have learned, through the exercise of reasonable diligence, of his attorney's alleged negligence prior to March 2010, when Lehman apparently gained a renewed interest in the Chancery Court action. Prior to March 29, 2010, Lehman had not received any communications from his counsel regarding the status of the litigation in which Lehman, an attorney, was the plaintiff for ten years. Lehman filed this lawsuit in April 2013, over thirteen years

after the last correspondence from his counsel, and still over three years after he wrote to his attorney in March 2010, following a decade of silence. Under these circumstances, the Court must find that Lehman's legal negligence action is barred by the three-year statute of limitations in Miss. Code Ann. § 15-1-49.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff Lehman should have discovered that his attorney had taken no action to pursue Lehman's claims in Chancery Court prior to April 2010, and therefore this legal negligence action is barred by the applicable three (3)-year statute of limitations. Accordingly, the Motion for Summary Judgment filed by the defendants is granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [9] Motion for Summary Judgment filed by Defendants Byrd & Wiser and Nicholas Van Wiser is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 16th day of September, 2014.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge